IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JEFFREY LYNN HOLLEMAN; and
DWAYNE HOLLEMAN                                                           PLAINTIFFS

VS.                              NO. 4:08-CV-0493 GTE

AMERICAN HONDA MOTOR CO., INC.;
HONDA OF SOUTH CAROLINA MFG., INC.                                        DEFENDANTS

**ANSWER OF SEPARATE DEFENDANT
HONDA OF SOUTH CAROLINA MFG., INC.
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Comes separate defendant, Honda of South Carolina Mfg., Inc., (hereinafter "HSCM") by its attorneys, Barber, McCaskill, Jones & Hale, P.A., and for its Answer to Plaintiffs' First Amended Complaint, states:

1.   While it does not appear that the **Preliminary Statement** contained in the plaintiffs' First Amended Complaint requires an answer, in the event that it does, those statements are denied. Further, it is affirmatively plead that consistent with the Arkansas Civil Justice Reform Act, there is no longer joint and several liability.

2.   All allegations contained in the First Amended Complaint not hereinafter specifically admitted are denied.

3.   This defendant is without information with which to admit or deny the allegations contained in paragraphs 1 and 2 of the plaintiffs' First Amended Complaint and therefore denies same.

1

4.   It does not appear that the allegations contained in paragraph 3 of the plaintiffs' First Amended Complaint are directed to this defendant. However, to the extent they are, they are denied.

5.   The allegations contained in paragraph 4 of the plaintiffs' First Amended Complaint are admitted.

6.   This defendant is without information with which to admit or deny the allegations contained in paragraph 5 of the plaintiffs' First Amended Complaint and therefore denies same.

7.   The allegations contained in paragraph 6 of the plaintiffs' First Amended Complaint are admitted.

8.   This defendant is without information with which to admit or deny the allegations contained in paragraph 7 of the plaintiffs' First Amended Complaint and therefore denies same.

9.   In response to the allegations contained in paragraph 8 of the plaintiffs' First Amended Complaint, it is admitted the plaintiffs reassert and reallege all previous allegations. However, those prior allegations are specifically denied unless specifically admitted herein above.

10.   The allegations contained in paragraph 9 of the plaintiffs' First Amended Complaint do not require a response. However, to the extent they do, they are denied. The documents speak for themselves.

11. The allegations described in paragraph 10 of the plaintiffs' First Amended Complaint are admitted.

12. On information and belief, the allegations contained in paragraph 11 of the plaintiffs' First Amended Complaint are admitted.

13. The allegations contained in paragraph 12 of the plaintiffs' First Amended Complaint are denied as phrased. However, it is admitted that the "CPSC" announced a "voluntary recall" "in cooperation" with "American Honda Motor Co., Inc. of Torrance, California".

14. To the extent the language contained in paragraph 13 of the plaintiffs' First Amended Complaint is accurately and fully quoted, it is admitted. The allegations contained in paragraph 13 are otherwise denied in their entirety.

15. The allegations contained in paragraphs 14 and 15 of the plaintiffs' First Amended Complaint are admitted.

16. This defendant is without information with which to admit or deny the allegations contained in paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 of the plaintiffs' First Amended Complaint and therefore denies same.

17. In response to the allegations contained in paragraph 26 of the plaintiffs' First Amended Complaint, it is admitted that an inspection took place. The remaining allegations contained in paragraph 26 are denied.

18. In response to the allegations contained in paragraph 27 of the plaintiffs' First Amended Complaint, it is admitted that the plaintiffs reassert and reallege all allegations contained in paragraphs 1 through 26 of the plaintiffs' First Amended Complaint inclusive. However, those prior allegations are specifically denied unless specifically admitted herein above.

19. The allegations contained in paragraphs 28, 30, 31, 32, and 33 of the plaintiffs' First Amended Complaint are denied. It is noted that the First Amended Complaint does not contain a paragraph 29. However, to the extent said paragraph exists, it is denied.

20. This defendant is without information with which to admit or deny the allegations contained in paragraphs 34 and 35 of the plaintiffs' First Amended Complaint and therefore denies same.

21. The allegations contained in paragraph 36 of the plaintiffs' First Amended Complaint are denied.

22. This defendant is without information with which to admit or deny the allegations contained in paragraph 37 of the plaintiffs' First Amended Complaint and therefore denies same.

23. The allegations contained in paragraphs 38 and 39 of the plaintiffs' First Amended Complaint are denied.

24. This defendant is currently without information with which to admit or deny the allegations contained in paragraph 40 of the plaintiffs' First Amended Complaint, and therefore denies same.

25. The allegations contained in paragraph 41 of the plaintiffs' First Amended Complaint, including each and every one of its subparts, is denied.

26. The allegations contained in paragraphs 42, 43, 44, 45, 46, 47, 48 and 49 of the plaintiffs' First Amended Complaint are denied.

27. In response to the allegations contained in paragraph 50 of the plaintiffs' First Amended Complaint, this defendant also demands a trial by jury.

28. This defendant has had no opportunity to conduct discovery and only a limited opportunity to investigate this matter. Therefore, it affirmatively pleads the following defenses:

   a. lack of jurisdiction over the subject matter;

   b. lack of jurisdiction over the person of the defendant;

   c. improper venue;

   d. insufficiency of process;

   e. insufficiency of service of process;

   f. failure to state facts or a claim upon which relief may be granted;

   g. failure to join a necessary party; and

  h.  pendency of another action between the same parties arising out of the same transaction or occurrence.

This defendant specifically pleads each of those defenses found in Rule 12 of the Federal Rules of Civil Procedure.

  29. In addition, this defendant affirmatively pleads the defenses of comparative fault, statute of limitations, laches and waiver.

  30. It is affirmatively plead that separate plaintiff Dwayne Holleman was negligent in failing to supervise the use or operation of the vehicle by separate plaintiff Jeffrey Lynn Holleman and this negligence is imputed to separate plaintiff Jeffrey Lynn Holleman.

  31. It is affirmatively plead separate plaintiff Jeffrey Lynn Holleman was negligent in his use or operation of the vehicle.

  32. It is affirmatively plead that the product described in the Complaint and First Amended Complaint was the subject of misuse or abuse and that this misuse or abuse was the proximate cause of any injuries or damages suffered by the plaintiffs. In addition, this defendant affirmatively pleads each of those defenses found in the Arkansas Products Liability Act.

  33. To the extent the Complaint and First Amended Complaint allege a cause of action for punitive damages, this defendant requests a bifurcated proceeding pursuant to Arkansas Code Annotated § 16-55-211.

34. This defendant affirmatively pleads that the imposition of punitive damages would violate its rights to equal protection and due process under the Arkansas and United States Constitutions. In addition, the imposition of punitive damages against this defendant would violate the commerce clause of the United States Constitution.

35. This defendant specifically pleads all affirmative defenses available to it under The Civil Justice Reform Act of 2003, Arkansas Code Annotated § 16-55-201, et seq.

36. This defendant specifically reserves the right to plead further.

WHEREFORE, premises considered, separate defendant, Honda of South Carolina Mfg. Co., Inc., prays that the Complaint and First Amended Complaint be dismissed, for its costs, attorneys' fees and all other just and proper relief to which it may be entitled.

> /s/ Michael E. Hale
> Bar Number 68021
> Scott M. Strauss
> Bar Number 92009
> Attorneys for Defendants
> Barber, McCaskill, Jones & Hale, P.A.
> 2700 Regions Center
> 400 West Capitol Avenue
> Little Rock, AR 72201-3414
> Telephone: (501) 372-6175 / Fax: (501) 375-2802
> E-mail: mhale@barberlawfirm.com
> E-mail: sstrauss@barberlawfirm.com

CERTIFICATE OF SERVICE

    I hereby certify that on October 31, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Thomas H. McGowan
Provost*Umphrey Law Firm, L.L.P.
One Riverfront Place, Suite 605
North Little Rock, AR 72114
tmcgowan@provostumphrey.com

                              /s/ Michael E. Hale
                              Bar Number 68021
                              Scott M. Strauss
                              Bar Number 92009
                              Attorneys for Defendants
                              Barber, McCaskill, Jones & Hale, P.A.
                              2700 Regions Center
                              400 West Capitol Avenue
                              Little Rock, AR 72201-3414
                              Telephone: (501) 372-6175 / Fax: (501) 375-2802
                              E-mail: mhale@barberlawfirm.com
                              E-mail: sstrauss@barberlawfirm.com